# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

United States of America,

v.  Case No. 4:18-cr-00003

Cheri Lea Rau (3),   Michael L. Brown
             United States District Judge
          Defendant.

_____/

# ORDER

The Magistrate Judge issued a Report and Recommendation ("R&R") (Dkt. 781), recommending denial of Defendant Cheri Rau's Motion to Suppress Evidence from Postal Search (Dkt. 741) and Perfected Motion to Suppress Evidence from Postal Search (Dkt. 756).

## I. Background

The Court incorporates by reference the facts and legal standards stated in the R&R. In short, the United States indicted Defendant Rau as part of an alleged criminal street gang called the Ghostface Gangsters. The United States charged her with RICO conspiracy and conspiracy to traffic a controlled substance. Some of the evidence the United States

seeks to introduce at trial came from the execution of search warrants on various pieces of mail. Defendant Rau moved to suppress evidence obtained pursuant to the execution of three warrants.[1] She moved to suppress evidence from several pieces of mail sent to a rental house that she claims to own at 3834 Wynntuck Circle in Kennesaw, Georgia. One of the items was addressed to Terry Rau; two were addressed to Sheryl Rau; and three were addressed to J&C Auto or Darius Range.

The Magistrate Judge recommends denial of her motion to suppress because she lacks standing to challenge the searches, the warrants were supported by probable cause and, even if probable cause was absent, the agents acted on a good-faith belief that the warrants were valid. Defendant Rau filed objections.

## II. Standard of Review

A district court has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). Under 28 U.S.C. § 636(b)(1), the Court reviews

---

[1] Although Defendant Rau first moved to suppress searches conducted under six warrants, she presented specific arguments about only three. The Court thus agrees with the Magistrate Judge's conclusion that Defendant Rau abandoned her motion to suppress all warrants other than those discussed by the Magistrate Judge. (Dkt. 781 at 2–3.)

any portion of the R&R that is the subject of a proper objection on a de novo basis. But, when a party files no objections, the Court reviews the record for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). After conducting a complete and careful review, the district court has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). For non-dispositive matters, such as the pending discovery motion, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." FED. R. CRIM. P. 59(a).

## III. Analysis

### A. Standing

Defendant Rau had the burden of establishing "both a subjective and an objective expectation of privacy" in the packages that were searched. *United States v. Segura–Baltazar,* 448 F.3d 1281, 1285 (11th Cir. 2006). "The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that the privacy expectation be one that society is prepared to recognize as reasonable." *Id.* (internal quotation marks omitted). The Magistrate Judge correctly noted that "[a] defendant may have a reasonable expectation of privacy in a package even where the package is not addressed in the defendant's name, provided that [the defendant] establishes a connection between [herself] and the addressee." *United States v. Campbell,* 434 F. App'x 805, 809 (11th Cir. 2011). The Magistrate Judge found Defendant Rau failed to establish a sufficient connection between herself and the packages at issue to support her standing to challenge the searches.

Defendant objects to this conclusion and argues she has standing because she is the sole owner of the Wynntuck Circle residence and

4

because all the packages were addressed to either Terry Rau or Sheryl Rau at that address. (Dkt. 840 at 1–2.) She further argues that "she may reasonably believe that the sender intended to direct the correspondence to her, yet misspelled her name." (*Id.* at 2.)[2] She also argues she "has a reasonable expectation of privacy to mail addressed to her property and addressed to her last name." (*Id.*)

To begin with in her motion to suppress, Defendant Rau claimed Wynntuck Circle was "one of [her] rental properties." (Dkt. 756 ¶ 2.) She never claimed that she lived at the location, that she sometimes resided there, or that she received mail there. In her objections, she makes the legal conclusion that "a person's home is the core of the Fourth Amendment's protection against unreasonable searches and seizures," but never alleges that the Wynntuck Circle residence was her "home" or presents any evidence to suggest this. (Dkt. 840 at 3.) The Court accepts

---

[2] Defendant Rau's focus on the packages addressed to Terry Rau or Sheryl Rau excludes any mention of the packages addressed to J&C Auto and Darius Range at the Wynntuck address. The Court finds Defendant Rau chose not to object to the Magistrate Judge's finding that she lacked standing to challenge the search of these packages. But as her connection to those packages is even more tenuous, the Court would adopt the Magistrate Judge's conclusion whether reviewing it for plain error or de novo.

5

the Magistrate Judge's conclusion (and Defendant Rau's assertion) that this was merely a rental property. The Court further finds that Defendant Rau has shown no greater connection between herself and that property.

The Court also rejects Defendant Rau's contention that she has a privacy interest in all mail sent to someone with her last name at her rental property. In *Campbell*, the Eleventh Circuit ruled that a defendant's status as a lessee of a property could not establish a connection between him and packages sent to that address in someone else's name. 434 F. App'x at 809. So too, Defendant Rau's mere ownership of the Wynntuck Circle residence cannot establish her right to privacy in packages sent to someone else at that residence. The mere fact that Defendant Rau has the same last name as the addressees of the packages at issue here does not distinguish *Campbell*. She was not the addressee. She may be related to the addressee, but that does not give her a privacy interest in all the mail. Otherwise, any member of a family could assert a privacy interest in any another family member's mail no matter how tenuous their actual connection.

Defendant Rau argues — for the first time — that the sender may have misspelled her name. It is also hard to understand how "Terry Rau" could be a misspelling of "Cheri Rau" and no evidence suggests it was. Defendant Rau had a chance to prove this occurred but did not even attempt to do so. She has not alleged or proven, for example, that she sometimes goes by this name, that she once used this name, or even that people sometime confused her with someone by that name. The name "Sheryl Rau" might be a more believable misspelling of "Cheri Rau." But, Defendant Rau still presents no evidence to suggest this occurred or to establish her prior use of this name in any way. The Magistrate Judge properly concluded that Defendant Rau failed to satisfy her burden of establishing a privacy interest in the packages.

**B.  Warrant 1:08-MJ-875**

Defendant Rau next argues the Magistrate Judge erred in finding that (1) United States Postal Inspector Wagner had a reasonable suspicion to detain for a dog sniff the package at issue in search warrant 1:08-MJ-875 and (2) the later alert by the drug dog provided probable cause to authorize the warrant. (Dkt. 840 at 3–5.)

The Supreme Court has held that, consistent with the Fourth Amendment's privacy interest, law enforcement may detain mail pending a search warrant based on facts that create reasonable suspicion that the mail contains contraband or other evidence of a crime. *United States v. Van Leeuwen,* 397 U.S. 249, 252–53 (1970). The Eleventh Circuit has extended *Van Leeuwen* to packages suspected of containing drugs sent by mail to justify detention until probable cause for a search warrant could be established by drug detection canines. *United Sates v. Banks*, 3 F.3d 399, 402 (11th Cir. 1993).

Defendant Rau claims USPI Wagner detained the package only because of an incorrect zip code. (Dkt. 840 at 4.) That is not correct. She had much more. Based on her training and experience, she knew that people who ship controlled substances in the mail often use incomplete return addresses to disassociate themselves from the drugs. (Dkt. 756 at 11, ¶ 6.) So the bad zip code meant something to her. She also ran the name of the sender (Alax Black) and the recipient (Terry Rau) through a national database. She could not associate Black with any address in San Francisco, the city where the package originated. She was also unable to associate Terry Rau with any address in Kennesaw, the city

8

where the package was sent. This led her to believe that both the sender's name and the recipient's name were false. Again, this meant something to her because of her training and experience. She also knew that California was a source state for drugs shipped in the mail. The Court agrees with the Magistrate Judge's conclusion that USPI Wagner had sufficient reasonable suspicion to detain the package for less than a day until presentation to a drug detecting dog.

Defendant Rau next argues that the canine alert was insufficient to establish probable cause. But the Eleventh Circuit has held that "probable cause arises when a drug-trained canine alerts to drugs in a mail package." *Banks,* 3 F.3d at 402. The Court of Appeals has more recently explained that "a dog sniff must be sufficiently reliable in order to establish probable cause, and this reliability is generally present if the dog is 'well-trained.'" *United States v. Nelson,* 309 F. App'x 373, 375 (11th Cir. 2009) (quoting *Illinois v. Caballes,* 543 U.S. 405 (2005)). Evidence of a dog's training is sufficient proof of reliability. *Id.* USPI Wagner provided evidence of the dog's training in the form of an attachment to her affidavit. It explained that the dog (known as Gunner) had received extensive training to detect a number of different controlled

9

substances. Defendant Rau claims that USPI Wagner's reference to the attachment was insufficient because there is no indication about who provided the information or if it was "known first hand by [USPI] Wagner." (Dkt. 840 at 5.) But USPI Wagner specifically stated that she is familiar with the qualifications of both the dog and its handler. (Dkt. 756 at 11, ¶ 12.) Defendant Rau did not raise an issue about the dog's training before the Magistrate Judge, and thus the United States did not seek to introduce additional evidence about Gunner's reliability. The attachment to the affidavit, however, provides enough grounds to find the dog reliable.

As the only real attack on Gunner's reliability, Defendant Rau contends that the qualification document shows that, in his career, he falsely alerted seventeen times to parcels that had no narcotics. (Dkt. 840 at 5.) Defendant Rau sells Gunner short. He actually missed only seven times. The Court adopts the Magistrate Judge's conclusion that USPI Wagner provided probable cause for issuance of warrant 1:08-MJ-875. The Court further adopts the Magistrate Judge's conclusion (not challenged by Defendant Rau) that — even absent probable cause — USPI Wager acted in a good-faith belief and with reasonable reliance on

the validity of the warrant so as to qualify for the good-faith exception to the exclusionary rule under *United States v. Leon,* 468 U.S. 897, 925 (1984).

C. **Warrants 1:08-MJ-1110 and 1:09-MJ-22**

As her next objection, Defendant Rau argues that the affidavits presented in support of warrants 1:08-MJ-1110 and 1:09-MJ-22 could not establish probable cause. She claims the warrant affidavits did not tie Mr. Bourassa's receipt of drugs from Argentina to her. (Dkt. 804 at 6.) That may be correct. But the affidavits clearly tied Mr. Bourassa's illegal activity to the shipment of packages to the Wynntuck Circle residence. (Dkt. 781 at 16–18, 21–22.) She also argues that the affiant "misled the magistrate" but does not explain what information USPI Wagner allegedly withheld intentionally. Having reviewed the warrant affidavits de novo, the Court adopts the Magistrate Judge's conclusions that both affidavits presented sufficient probable cause for issuance of the warrants. The Court further adopts the Magistrate Judge's conclusion that — even without probable cause — USPI Wagner acted in a good-faith belief and with reasonable reliance on the validity of warrant 1:09-

11

MJ-22 so as to qualify for the good-faith exception to the exclusionary rule under *Leon*.

Finally, Defendant Rau argues that warrant 1:08-MJ-1110 was invalid because it failed to specify the items to be searched or the date for the search. Defendant Rau did not raise this issue before the Magistrate Judge. She also included no citation to the record in her objections to the R&R. She did not even attach the warrant about which she complains. It does not appear to be anywhere in the docket. To the extent Defendant Rau seeks to challenge the validity of this warrant on the grounds that it fails to identify the items to be searched or the date for the search, she must file that motion with the Magistrate Judge, present evidence to the Magistrate Judge, and allow the Magistrate Judge to consider the issue. (Because Defendant Rau attacks the facial validity of warrant 1:08-MJ-1110, the Court withholds consideration of the Magistrate Judge's conclusion that the good-faith exception also applies to it.)

## IV. Conclusion

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 781) as the Order of the Court, except the conclusion that the good-faith exception to the exclusionary rule applies

to warrant 1:08-MJ-1110. The Court reserves consideration of that finding.

After conducting the necessary review, the Court **OVERRULES** Defendant Rau's objections to the R&R (Dkt. 840) and **DENIES** her Motion to Suppress Evidence from Postal Search (Dkt. 741) and Perfected Motion to Suppress Evidence from Postal Search (Dkt. 756). Defendant Rau, however, may file a final motion to suppress to address one single issue — her claim that warrant 1:08-MJ-1110 was invalid on its face because it failed to specify the items to be searched or the date for the search. She may not relitigate the issues decided herein.

**SO ORDERED** this 3rd day of December, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE